UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 05-359 S

AMERICAN HOME ASSURANCE COMPANY,
Plaintiff,

v.

GRAND BANKS YACHTS, LTD.,
R. BROOK STOUTENBURGH,
PATRICIA STOUTENBURGH.
Defendants

**PLAINTIFF'S MOTION TO AMEND COMPLAINT FOR DECLARATORY RELIEF**

The Plaintiff American Home Assurance Company moves pursuant to F.R.C.P. 15(a) and/or F. R.C.P. 15(d) for leave to amend its Complaint for Declaratory Relief pursuant to the Federal Rules of Civil Procedure to assert claims against East Coast Yacht Sales, Inc. ("East Coast") as East Coast has recently tendered a request for insurance coverage involving the matters set forth in the Complaint for Declaratory Relief. A copy of the proposed Amended Complaint for Declaratory Relief is attached to Plaintiff's Memorandum in Support of Motion to Amend Complaint for Declaratory Relief as Exhibit A.

As set forth in the attached Memorandum in Support of Motion to Amend Complaint for Declaratory Relief, Plaintiff is merely seeking to amend the Complaint for Declaratory Relief as a result of events that have occurred since the date of the original Complaint, namely ECYS has served a tender of its defense in the Stoutenburgh Action upon Grand Banks which was then served upon American Home and, thereafter, its counsel. American Home is now seeking to

amend the Complaint to request the Court's determination that American Home has no duty to defend and indemnify ECYS in the Stoutenburgh Action.

WHEREFORE, Plaintiff, American Home Assurance Company, respectfully requests that its Motion to Amend its Complaint for Declaratory Relief be allowed.

Respectfully submitted,
AMERICAN HOME ASSURANCE COMPANY,
By its attorney,

Michael R. Hagopian, Esq.
212 Greenwich Avenue
Warwick, RI 02886
(401)384-8080

**CERTIFICATE OF SERVICE**

I, Michael R. Hagopian, certify that a copy of the foregoing document was served via first class mail, postage prepaid, and via ~~facsimile to counsel~~ of record as follows:

Daniel P. McKiernan, Esq.
243 North Main Street
Providence, RI 02903

Michael R. Hagopian

Dated: ~~September~~ October 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 05-359S

AMERICAN HOME ASSURANCE COMPANY,
Plaintiff,

v.

GRAND BANKS YACHTS, LTD.,
R. BROOK STOUTENBURGH,
PATRICIA STOUTENBURGH.
Defendants

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT FOR DECLARATORY RELIEF**

The Plaintiff American Home Assurance Company moves pursuant to F.R.C.P. 15(a) and/or F. R.C.P. 15(d) for leave to amend its Complaint for Declaratory Relief pursuant to the Federal Rules of Civil Procedure to assert claims against East Coast Yacht Sales, Inc. ("East Coast") as East Coast has recently tendered a request for insurance coverage involving the matters set forth in the Complaint for Declaratory Relief. A copy of the proposed Amended Complaint for Declaratory Relief is attached hereto as Exhibit A.

On or about September 30, 2004, R. Brook Stoutenburgh and Patricia Stoutenburgh, (the"Stoutenburghs") filed a Verified Complaint (the "Complaint") against, Grand Banks Yachts, Ltd. ("Grand Banks") and East Coast Yacht Sales, Inc. ("ECYS") in the United States District Court for Rhode Island, Civil Action No. 04-441 (the "Stoutenburgh Action"). The Stoutenburgh's allege that Grand Banks designed, constructed and manufactured a defective

yacht and then sold the yacht to ECYS, who in turn sold and delivered the same to the Stoutenburghs.

Thereafter, Grand Banks tendered to American Home Assurance Company ("American Home") a request for defense and indemnification against the claims alleged in the Stoutenburgh Action pursuant to the provisions a commercial marine liability policy of insurance.

On August 23, 2005, American Home filed a Complaint for Declaratory Relief requesting that this court enter an order that Plaintiff has no duty to defend and indemnify the Grand Banks with respect to the Stoutenburgh Action. The Stoutenburgs filed an Answer in response to the Complaint on September 9, 2005.

On August 10, 2005, ECYS apparently served a tender of its defense in the Stoutenburgh Action upon the counsel for Grand Banks. See Ex. B. Grand Banks then delivered this request to American Home, its insurer. The ECYS tender was then received by counsel for American Home on August 22, 2005, the same day which American Home's counsel sent the Complaint for Declaratory Relief to local counsel in Rhode Island for filing. See. Ex. B.

Therefore, Plaintiff hereby requests leave to amend the Complaint for Declaratory Relief to add ECYS as a defendant to this matter pursuant to F.R.C.P. 15(a) which provides in pertinent part:

> "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The United States Supreme Court determined that amendments to complaints should be allowed freely in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1968):

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In

> the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given."

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1968).

Furthermore, F.R.C.P. 15(d) provides that:

> "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

In this instance, Plaintiff is merely seeking to amend the Complaint for Declaratory Relief as a result of events that have occurred since the date of the original Complaint, namely ECYS has served a tender of its defense in the Stoutenburgh Action upon Grand Banks which was then served upon American Home and, thereafter, its counsel. American Home is now seeking the Court's determination that American Home has no duty to defend and indemnify ECYS in the Stoutenburgh Action.

In addition, there has been no undue delay, bad faith or dilatory motive on the part of American Home as American Home's counsel was only recently served with a request by ECYS to provide a defense and indemnification. Moreover, there will be no undue prejudice to Grand Banks, the Stoughtenburghs or ECYS as a result of the allowance to this Motion and the ends of justice will be served by the allowance of the same as no discovery has commenced, no Scheduling Conference has been convened and the instant action was only filed on August 30, 2005.

WHEREFORE, Plaintiff, American Home Assurance Company, respectfully requests that its Motion to Amend its Complaint for Declaratory Relief be allowed.

Respectfully submitted,
AMERICAN HOME ASSURANCE COMPANY,
By its attorney,

Michael R. Hagopian, Esq.
212 Greenwich Avenue
Warwick, RI 02886
(401)384-8080

## CERTIFICATE OF SERVICE

I, Michael R. Hagopian, certify that a copy of the foregoing document was served via first class mail, postage prepaid, ~~and via facsimile~~ to counsel of record as follows:

Daniel P. McKiernan Esq.
243 North Main Street
Providence, RI 02903
(401) 223-1400

Dated: ~~September~~ October 12, 2005

Michael R. Hagopian