UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 05-359

AMERICAN HOME ASSURANCE COMPANY,
Plaintiff,

v.

GRAND BANKS YACHTS, LTD.,
R. BROOK STOUTENBURGH,
PATRICIA STOUTENBURGH
EAST COAST YACHT SALES, INC.
Defendants

# AMENDED COMPLAINT FOR DECLARATORY RELIEF

## PRELIMINARY STATEMENT

1. This is an amended complaint for declaratory relief and a determination of the rights and responsibilities of the parties pursuant to a contract of insurance.

## PARTIES

2. The plaintiff, American Home Assurance Company, is a New York corporation licensed to issue insurance policies in the Commonwealth of Massachusetts and having a place of business at 99 High Street, Boston, Suffolk County, Massachusetts ("American Home").

3. Defendant, Grand Banks Yachts, Ltd. ("Grand Banks") is a corporation duly organized under the laws of the State of Washington.

4. Defendant R. Brook Stoutenburgh is a resident of Jamestown, Rhode Island.

5. Defendant Patricia Stoutenburgh is a resident of Jamestown, Rhode Island.

6. Defendant East Coast Yacht Sales, Inc. ("ECYS") is a corporation duly organized under the laws of the State of Maine.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1333 in that this matter concerns the rights and duties of the parties under a contract of marine insurance.

8. Venue in this District is proper under 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

9. American Home issued to Grand Banks a commercial marine liability policy of insurance with effective dates from May 30, 2003 to May 30, 2004 (the "Policy").

10. On or about September 30, 2004, R. Brook Stoutenburgh and Patricia Stoutenburgh, (the "Stoutenburghs") filed a Verified Complaint (the "Complaint") against the Grand Banks and ECYS in the United States District Court for Rhode Island, Civil Action No. 04-441 (the "Action"). A copy of the Complaint is attached hereto as Ex. A.

11. The Complaint alleges that, pursuant to a purchase agreement dated October 9, 2001, the Stoutenburghs contracted to purchase an Eastbay 49, Hull # 41 (the "Yacht") from ECYS for approximately $879,000. Ex. A at ¶¶ 11 and 12.

12. The Complaint also alleges that the Yacht "was designed, constructed and manufactured" by the Grand Banks. Ex. A at ¶ 13.

13. The Complaint also alleges that "[o]n or before October 10, 2001 defendant Grand Banks completed designing, constructing, manufacturing, (sic) the yacht and transported, delivered and sold it to defendant ECYS, who in turn sold and delivered the same to the [Stoutenburghs]." Ex. A at ¶52.

14. The Complaint also alleges that the Stoutenburghs insured the Yacht through Hinckley Marine Insurance, a subsidiary of Atlantic Mutual Insurance Company. Ex. A at ¶ 15.

15. The Complaint also alleges that Grand Banks provided an express warranty to the

Stoutenburghs in connection with the sale of the Yacht. Ex. A at ¶ 16.

16. The Complaint also alleges that "[w]hile operating the yacht for the first time in October 2001 ... [the Stoutenburghs] felt a vibration on the port side of the yacht." Ex. A. at ¶ 18.

17. The Complaint also alleges that the Stoutenburghs "immediately brought the vibration problem to the attention" of ECYS who, in turn, advised Grand Banks, during the winter of 2001-2002, of "the vibration problem existing in the yacht. Ex. A at ¶¶ 19, 21.

18. The Complaint also alleges that a number of attempts were undertaken to correct that vibration problem and that the attempts were unsuccessful. Ex. A, see generally ¶¶ 20-41.

19. The Complaint further alleges against Grand Banks:

a. At the "Second Claim for Relief", ("Breach of Contract"), inter alia, "that Grand Banks failed to perform the conditions of the purchase agreement, thereby breaching the same, in that the design, construction, and manufacturing of the yacht failed to comply with the specifications of the said purchase agreement and was not suitable, useable or safe for operation and use by the [Stoutenburghs]". Ex. A at ¶ 53.

b. At the "Fourth Claim for Relief", ("Breach of Implied Warranty of Merchantability"), inter alia, that "[t]he yacht would not operate and function properly because of various defects and imperfections including the yacht's hull, engines, design, engine support(s), and other unknown causes creating an extensive vibration problem, which resulted in [the Stoutenburghs] incurring financial burden in attempting to repair the yacht's defects and being unable to use the yacht for the purpose for which its was designed and sold." Ex. A at ¶

76.

c. At the "Sixth Claim for Relief", ("Breach of Express Warranty"), inter alia, that "the yacht failed to conform to the purchase agreement and the expressed written warranty provided therein" and that "Grand Banks has breached the yacht's expressed written warranty in that they have not successfully repaired or replaced the defective parts and/or cured the vibration defect, despite assuring the [Stoutenburghs] that they would do so." Ex. A at ¶¶ 95, 98.

d. At the "Eighth Claim for Relief", ("Breach of Covenant of Good Faith and Fair Dealing"), inter alia, that "Grand Banks failed to perform the conditions of the purchase agreement, thereby breaching the express and implied covenant of good faith and fair dealing, in that the design, construction, and manufacturing of the yacht failed to comply with the specifications of the purchase agreement." Ex. A at ¶ 112.

e. At the "Tenth Claim for Relief", ("Negligent Design and Construction"), inter alia, that "Grand Banks knew or should have known that among other things, the hull, engine, mounts, struts, and shafts were improperly and negligently designed and constructed resulting in the severe vibration of the yacht when it was being operated" and that said "negligent design and construction of the yacht and its nonconformity substantially impaired the value of the yacht and caused financial damages to the [Stoutenburghs] and denied [the Stoutenburghs] the use of the yacht all to their damage and detriment." Ex. A at ¶¶ 123, 124.

f. At the "Twelfth Claim for Relief", ("Magnuson-Moss Warranty Act, 15 U.S.C. §

2301"), inter alia, that "[o]n or about October 13, 2001, when [the Stoutenburghs] discovered the vibration defect, they immediately notified defendant Grand Banks of the breach of written and/or implied warranties" and "Grand Banks was provided with multiple opportunities to cure its breach but they have not successfully repaired or replaced the defective parts and/or cured the vibration defect despite promising the [Stoutenburghs] to do so." Ex. A at ¶¶ 141, 142.

20. The Complaint further alleges against ECYS:

a. At the "First Claim for Relief", ("Breach of Contract"), inter alia, "that ECYS failed and neglected to perform the conditions of the purchase agreement, thereby breaching the same, in that they delivered a yacht that failed to comply with the specifications of the said purchase agreement and was not suitable, useable or safe for operation and use by the [Stoutenburghs]". Ex. A at ¶ 45.

b. At the "Third Claim for Relief", ("Breach of Implied Warranty of Merchantability"), inter alia, that "[t]he yacht was not merchantable nor fit for the use for which is (sic) was designed and sold, and would not operate and function properly for the purposes intended by the Plaintiffs because of various defects and imperfections including the yacht's hull, engines, design, engine support(s), and other unknown causes creating an extensive vibration problem." Ex. A at ¶ 63.

c. At the "Fifth Claim for Relief", ("Breach of Express Warranty"), inter alia, that "the yacht failed to conform to the purchase agreement and the expressed written warranty provided therein" and that "ECYS has breached the yacht's limited warranty in that they have not successfully repaired or replaced the defective parts

and/or cured the vibration defect, despite assuring the [Stoutenburghs] that they would do so." Ex. A at ¶¶ 86, 88.

d. At the "Seventh Claim for Relief", ("Breach of Covenant of Good Faith and Fair Dealing"), inter alia, that "ECYS failed and neglected to perform the conditions of the purchase agreement, thereby breaching the express and implied covenant of good faith and fair dealing, in that they delivered a yacht that failed to comply with the specifications of the purchase agreement." Ex. A at ¶ 106.

e. At the "Ninth Claim for Relief", ("Negligent Design and Construction"), inter alia, that the "negligent design and construction of the yacht and its nonconformity substantially impaired the value of the yacht and caused financial damages to the [Stoutenburghs] and denied [the Stoutenburghs] the use of the yacht all to their damage and detriment." Ex. A at ¶¶ 118, 119.

f. At the "Eleventh Claim for Relief", ("Magnuson-Moss Warranty Act, 15 U.S.C. § 2301"), inter alia, that "[o]n or about October 13, 2001, when [the Stoutenburghs] discovered the vibration defect, they immediately notified defendant ECYS of the breach express and implied warranties" and "ECYS was provided with multiple opportunities to cure its breach but they have not successfully repaired or replaced the defective parts and/or cured the vibration defect." Ex. A at ¶¶ 131, 132.

21. The claims alleged against Grand Banks and ECYS in the Action do not comply with the following Policy language:

"Section 1 - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

...b. This insurance applies to bodily injury and property damage only if:

(1) The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory; and

(2) The bodily injury or property damage occurs during the policy period."

22. In addition, the claims alleged against Grand Banks and ECYS in the Action are excluded under the following Policy exclusions:

a. exclusion "b", Contractual Liability;

b. exclusion "i", Damage to Property;

c. exclusion "j", Damage to The Assured's Product;

d. exclusion "k", Damage to The Assured's Work;

e. exclusion "l", Damage to Impaired Property or Property Not Physically Injured.

23. Furthermore, with reference to the matters alleged in the Action, Grand Banks and ECYS failed to comply with the following provision of the Policy:

"Section 7 - COMMERCIAL MARINE LIABILITY GENERAL CONDITIONS,

2. Duties In the Event of Occurrence, Offense, Claim or Suit".

24. Additionally, with reference to the matters alleged in the Action, Grand Banks and ECYS failed to comply with the following provision of the Policy:

"Section 7 - COMMERCIAL MARINE LIABILITY GENERAL CONDITIONS,
3. Notice of Occurrence".

25. American Home issued the Policy based on statements and representations made by or on behalf of Grand Banks.

26. Among the statements made by or on behalf of Grand Banks to American Home in the negotiation of the Policy was Grand Banks' April 21, 2003 failure to list, otherwise notify and/or conceal from American Home the matter involving the Stoutenburghs and the Yacht in response to the following request on the Policy application submitted by or on behalf of Grand Banks: "[e]nter all claims or occurrences that may give rise to claims for the prior 5 years."

27. An actual controversy within the jurisdiction of this Court exists with respect to the matters stated herein above between the Grand Banks, ECYS and American Home.

## COUNT I

## DECLARATORY JUDGMENT

28. The plaintiff, American Home, repeats and realleges Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. By reason of the aforementioned Policy provisions, plaintiff, American Home, has no duty to defend and no duty to indemnify the defendants, Grand Banks Yachts, Ltd. and/or East Coast Yach Sales, Inc. with respect to the claims alleged against Grand Banks Yachts, Ltd. And East Coast Yacht Sales, Inc. in the Action, *Stoutenburgh v. Grand Banks Yachts, Ltd., et al.,* United States District Court for Rhode Island, Civil Action No. 04-441.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, American Home Assurance Company, demands a judgment declaring the rights and other legal relations of the parties hereto with respect to the matters stated herein above and declaring, specifically, that:

30. plaintiff, American Home Assurance Company, has no duty to defend and indemnify the defendant, Grand Banks Yachts, Ltd. with respect to the claims alleged against Grand Banks Yachts, Ltd. in the Action;

31. plaintiff, American Home Assurance Company, has no duty to defend and indemnify the defendant, East Coast Yacht Sales, Inc. with respect to the claims alleged against East Coast Yacht Sales, Inc. in the Action;

32. plaintiff, American Home Assurance Company, is entitled to rescission of the Policy as a result of Grand Banks Yachts, Ltd.'s material misrepresentations; and

33. plaintiff, American Home Assurance Company, is entitled to such other and further relief as the court deems just and proper.

Respectfully submitted,
AMERICAN HOME ASSURANCE COMPANY,
By its attorney,

______________________________

Michael R. Hagopian, Esq.
212 Greenwich Avenue
Warwick, RI 02886
(401)384-8080

Dated: September __, 2005