UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, Plaintiff | ) | C.A. No. 05-0359/S |
| v. | ) | |
| GRAND BANKS YACHTS, LTD., R. BROOK STOUTENBURGH, PATRICIA STOUTENBURGH, EAST COAST YACHT SALES, INC. Defendants | ) | |

**ANSWER AND COUNTERCLAIMS**

Defendant Grand Banks Yachts, Ltd. ("Grand Banks") responds to the allegations of plaintiff's Amended Complaint for Declaratory Relief and counterclaims as follows:

**FIRST DEFENSE**

1. Answering the allegations of paragraph 1 captioned "Preliminary Statement," states that it is prefatory language to which no response is required. To the extent the Court may otherwise construe that paragraph, Grand Banks states that the terms of the complaint speak for themselves and require no further comment or characterization by Grand Banks.

2. Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 2, 4, 5, 6 and 25.

3. Admits paragraphs 3 and 10.

4. The allegations of paragraphs 7, 8 and 27 state conclusions of law for which no response is required; to the extent the Court may otherwise construe those paragraphs, they are denied.

5. Answering the allegations of paragraph 9, alleges that the American Home Assurance Company ("American Home") issued to Grand Banks policy no. B2393, taking effect from May 30, 2003 to May 30, 2004, which was later renewed to May 30, 2005; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraphs 11-20, states that the complaint in the matter of *Stoutenburgh v. Grand Banks Ltd., et al.* speaks for itself and requires no further comment or characterization by Grand Banks.

7. Denies paragraphs 21-24, 26 and 29.

8. Repeats and realleges its responses to paragraphs 1 through 27 in response to paragraph 28.

9. Responding to plaintiffs' numbered paragraphs captioned "Prayer for Relief," defendant Grand Banks states that it need not respond to prayers for relief in its answers and to the extent those paragraphs were intended to set forth facts upon which plaintiffs seek relief from this defendant, it denies those paragraphs.

**SECOND DEFENSE**

10. Plaintiff's Amended Complaint for Declaratory Relief fails to state a claim against Grand Banks upon which relief can be granted.

**THIRD DEFENSE**

11. Plaintiff's claims are barred by the doctrine of estoppel.

**FOURTH DEFENSE**

12. Plaintiff's claims are barred by the doctrine of waiver.

**FIFTH DEFENSE**

13. Plaintiff has failed to allege a case or controversy sufficient to trigger this court's admiralty jurisdiction.

**FIRST COUNTERCLAIM—BREACH OF CONTRACT**

14. In or about May 2003, American Home issued commercial marine liability insurance policy number B2393 (the "Policy") to Grand Banks.

15. The Policy provides coverage for "all those sums the Assured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The Policy further provides that American Home "will have the right and duty to defend the Assured against any 'suit' seeking those damages."

16. On or about September 30, 2004, R. Brook Stoutenburgh and Patricia Stoutenburgh filed suit against Grand Banks in United States District Court for the District of Rhode Island. The Stoutenburghs' claims involve their Eastbay 49, Hull #41 yacht.

17. Grand Banks has generally denied any liability for the claims asserted by the Stoutenburghs.

18. Grand Banks has funded the separate defense of East Coast Yacht Sales, Inc. ("ECYS") in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd.*, *et al*

19. American Home commenced this action seeking a judgment declaring that it has no obligation to defend and indemnify Grand Banks or ECYS in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd.*, *et al*

20. American Home has breached the terms of the Policy by failing to provide a defense for Grand Banks and ECYS and in seeking to avoid its duty to indemnify Grand Banks and ECYS in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd.*, *et al.*

21. As a direct and proximate result, Grand Banks and ECYS have been damaged.

**SECOND COUNTERCLAIM—VIOLATION OF CHAPTER 93A**

22. Grand Banks incorporates and realleges paragraphs 1 through 6 of its counterclaims as if set forth fully herein.

23. American Home's refusal to defend and indemnify Grand Banks and ECYS in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd., et al* is in bad faith and constitutes a violation of M.G.L.A. 93A § 2 by engaging in unfair or deceptive insurance acts or practices as defined by M.G.L.A. 176D § 3.

24. As a direct and proximate result, Grand Banks has been damaged.

**THIRD COUNTERCLAIM - DECLARATORY JUDGMENT**

25. Grand Banks incorporates and realleges paragraphs 1 through 9 of its counterclaims as if set forth fully herein.

26. Grand Banks seeks a declaration that plaintiff American Home is contractually obligated to defend and indemnify Grand Banks and ECYS in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd. et al.*

WHEREFORE, defendant Grand Banks Yachts, Ltd. requests that judgment enter:

A. dismissing American Home Assurance Company's complaint;

B. declaring that American Home Assurance Company is obligated to defend and indemnify Grand Banks Yachts, Ltd. and ECYS in the matter of *Stoutenburgh v. Grand Banks Yachts, Ltd., et al.*

C. awarding Grand Banks Yachts, Ltd. its costs and attorney's fees; and

D. awarding Grand Banks Yachts, Ltd. the full relief sought in its counterclaims.

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq. #6729
VETTER & WHITE
Attorneys for Defendant
Grand Banks Yachts, Ltd.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: November 23, 2005

CERTIFICATE OF SERVICE

To:

Michael R. Hagopian, Esq.
212 Greenwich Avenue
Warwick, RI 02886

I hereby certify that I served on the above-named counsel of record a copy of the within Answer and Counterclaims by first class mail, postage prepaid, on the 23rd day of November, 2005.