UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| American Home Assurance Company, Plaintiff, | ) | |
| v. | ) | CA No. 05-359S |
| Grand Banks Yachts, Ltd., et al., Defendants. | ) | |

- - - - - - - - - - - - - - - - - - - - - - -

**PRETRIAL ORDER**

(Civil Case)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **June 30, 2006**.

2. Dispositive Motions. Dispositive motions will be filed by **June 30, 2006**. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

3. Pretrial Memoranda. Counsel will present by **30 days after a decision on any dispositive motions, or if no dispositive motions are filed, by July 15, 2006,** typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each

witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions, as well as a jury verdict form (with special interrogatories, if any are being requested).

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

5. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda**.

6. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

7. Additional Matters. Counsel will file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly

before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order

Deputy Clerk

ENTER:

William E. Smith
United States District Judge
Date: 12/13/05